[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2008
THOMAS K. KAHN
CLERK

No. 07-15241
Non-Argument Calendar

_____

D. C. Docket No. 07-60135-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGELLA JOAN CAMERON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 30, 2008)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Angella Cameron pled guilty to being found in the United States after

having been removed, in violation of 8 U.S.C. § 1326 (a), (b)(2). The district court thereafter sentenced her to a prison term of 40 months, one month below the sentence range of 41-51 months prescribed by the Sentencing Guidelines. She now appeals her sentence, arguing that the sentence is unreasonable because the district court failed adequately (1) to consider the nature and circumstances of her offense; (2) the mitigating factor of duress; and (3) the sentencing factors set out in 18 U.S.C. § 3553(a) . We affirm.

We determine the reasonableness of a defendant's sentence under the abuse of discretion standard. Gall v. United States, 552 U.S. __, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). A district court must impose a sentence that is both procedurally and substantively reasonable. Id. A sentence may be procedurally unreasonable if, for example, the district court improperly calculates the Guidelines sentence range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate § 3553(a) factors, bases the sentence on clearly erroneous facts, or fails adequately to explain its reason(s) for the sentence imposed. Id. "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. __, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007).

2

Once we conclude that the district court made no procedural errors, we then consider the substantive reasonableness of the sentence imposed. Id. Such review entails determining whether the sentence is supported by the § 3553(a) factors. Id, 552 U.S. __, 128 S.Ct. at 600. The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. Id. at 786; (citing 18 U.S.C. § 3553(a)).

Cameron does not dispute that the district court imposed a procedurally reasonable sentence, and she has not established that her sentence is substantively unreasonable. The district court considered the § 3553(a) factors and imposed a departure sentence slightly below the sentence range. Because the § 3553(a) factors support the sentence imposed by the district court, and the sentence is not greater than necessary to achieve the goals of sentencing set forth in § 3553 (a)(1),

3

we are bound not to disturb it.

**AFFIRMED.**